UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TREVON ONEAL,

Plaintiff,

v.

GABRIELA NAJERA, *et al.*,

Defendants.

Case No. 2:22-cv-01922-RFB-VCF

ORDER

Plaintiff Trevon Oneal brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Lovelock Correctional Center. (ECF No. 1-1). On December 22, 2022, this Court ordered Plaintiff to file a non-prisoner application to proceed in forma pauperis or pay the full $402 filing fee on or before January 23, 2023. (ECF No. 5 at 8). The Court warned Plaintiff that the action could be dismissed if he failed to file a non-prisoner application to proceed in forma pauperis or pay the full $402 filing fee for a civil action by that deadline. (Id.) The deadline expired, and Plaintiff did not file a non-prisoner application to proceed in forma pauperis, pay the full $402 filing fee, or otherwise respond. Additionally, the Court's mail to Plaintiff has been returned as undeliverable because he has not updated the Court with his current address. (ECF No. 9).

## I. DISCUSSION

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to

keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff either files a non-prisoner application to proceed in forma pauperis or pays

the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. And, because the Court's mail to Plaintiff has been returned as undeliverable, the chance that the order will reach him is low. Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**II. CONCLUSION**

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Plaintiff's failure to file a non-prisoner application to proceed in forma pauperis or to pay the full $402 filing fee in compliance with this Court's December 22, 2022 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED: March 29, 2023

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE